| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| ERIC ARNOLD BLOUNT, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> BRYAN THOMAS BAKER, *Sergeant,* § <br> and BEAUMONT POLICE § <br> DEPARTMENT, § <br> § <br> Defendants. § | CIVIL ACTION NO. 1:12-CV-239 |

# ORDER OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This Court referred this *pro se* and *in forma pauperis* action to the Honorable Zack Hawthorn, United States Magistrate Judge, for pretrial management pursuant to General Order 05-07. On August 24, 2012, the magistrate judge entered an "Order Staying Proceedings" (Doc. No. 16) pending resolution of a parallel state criminal proceeding against the Plaintiff that involved the same underlying facts as the instant action. In that order, the magistrate judge ordered the Plaintiff, Eric Blount, to file a report with the Court every sixty days concerning the status of the parallel state criminal proceeding. (Doc. No. 16, at 5.) On December 20, 2012, the magistrate judge entered a report (Doc. No. 18) recommending that this action be dismissed *sua sponte* for failure to prosecute and failure to comply with a court order since over 115 days had passed and Blount had failed to file a report with the Court. Blount timely filed a "Letter of Objections" to the report and recommendation (Doc. No. 20), and the Defendants filed a response to Blount's objections (Doc. No. 21).

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to

which the party specifically objects. 28 U.S.C. § 636(b)(l)(c) (Supp. IV 2011); FED. R. CIV. P. 72(b)(2)–(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). In Blount's "Letter of Objections," the only specific objection that is relevant to the magistrate judge's report and recommendation is that Blount has been unable to prosecute this case because the magistrate judge has yet to provide him with court-appointed counsel. (Doc. No. 20, at 1.) In an order dated January 18, 2013, the magistrate judge denied Blount's repeated requests for a court-appointed attorney. (Doc. No. 22.) Although Blount was advised that he could appeal the magistrate judge's order to this Court, he has not done so. (Doc. No. 22, at 3.) As explained in the magistrate judge's order, Blount is not entitled to a court-appointed attorney unless exceptional circumstances are present. (Doc. No. 22, at 2–3.)

After conducting a de novo review of the magistrate judge's report, the magistrate judge's order regarding appointment of counsel, and Blount's objections, the Court concludes that the magistrate judge's findings and conclusions are correct. Dismissal of this case is warranted on the grounds that Blount has failed to prosecute this case and failed to comply with a court order.[1] *See* FED. R. CIV. P. 41(b); E.D. TEX. LOC. CIV. R. 41. Furthermore, Blount is not entitled to court-appointed counsel because exceptional circumstances are not present. *See Robbins v. Maggio*, 750 F.2d 405, 412 (5th Cir. 1985).

---

1. Over 170 days have passed since the magistrate judge ordered Blount to file a report with this Court every 60 days concerning the status of parallel state criminal proceedings. (Doc. No. 16, at 5.) At this time, Blount has still not complied with this order by notifying the Court of the status of those proceedings.

Blount's objections (Doc. No. 20) are **OVERRULED**; the magistrate judge's report and recommendation (Doc. No. 18) is **ADOPTED**; and this lawsuit is **DISMISSED without prejudice**. Final judgment will be entered separately.

SIGNED at Sherman, Texas, this 13th day of February, 2013.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE